JUSTICE GRAY
dissenting.
I respectfully dissent from the opinion of the Court.
It is not disputed that the hearing held in this matter was required by § 16-4-207(3), MCA, because written protests had been filed. It also is not disputed that, at the time of the hearing, Greenleaf’s *61 owner did not meet the eligibility criteria contained in § 16-4-401(2)(a)(iii), MCA.
These undisputed facts lead inexorably to § 16-4-405, MCA. That statute prohibits the issuance of a retail alcoholic beverage license if the Department finds from the evidence at the hearing that the applicant fails to meet the eligibility or suitability criteria provided by statute. There is no mystery here; the statutory language is plain, clear and unambiguous. If evidence produced at the hearing establishes that an applicant does not meet the eligibility criteria, the Department must so find. Having so found, the license cannot be issued to the applicant.
The hearing examiner, the District Court and this Court rely on the Department’s past practices in giving “deference” to the Department’s interpretation of the statutes at issue here. Such reliance is totally unwarranted where, as here, the past practices are clearly at odds with the plain statutory language.
Our standard of review is whether the agency and the District Court correctly interpreted the law. It is clear that they did not. Agencies are not free to act in a manner which contravenes laws enacted by the legislature; nor are they entitled to deference in their interpretation of the law when that interpretation is based on actions and practices which do not comply with the law.
The fact is that the statute at issue here does not say what the District Court said it says. Section 16-4-405, MCA, does not say that the Department cannot issue a license if the applicant fails to meet the statutory eligibility criteria by the time the license is issued. Section 16-4-405, MCA, states clearly that a license cannot be issued if the Department finds, from the evidence at the hearing, that the applicant does not meet the criteria. The Court’s opinion ignores the clear statutory language. In so doing, the Court violates its most fundamental obligation with regard to statutory interpretation: to declare what a statute says, without omitting what is contained therein. Section 1-2-101, MCA.
Moreover, the portions of the Court’s decision relating to the Department’s practices with regard to premises suitability and prejudice to Tokumoto are entirely irrelevant. The fact that the Department has acted contrary to the statute with regard to both premises suitability and applicant eligibility hardly bolsters the legal propriety of its actions. Nor does any statute at issue here require Tokumoto to show prejudice.
I would reverse the District Court.